Gary R. Selvin, State Bar No. 112030
E-mail:     gselvin@selvinwraith.com
Mark E. Inbody, State Bar No. 180862
E-mail:     minbody@selvinwraith.com
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:  (510) 874-1811
Facsimile:   (510) 465-8976

Attorneys for Defendants
NIC Insurance Company and
Navigators Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| GLASSELL DEVELOPMENT, INC., ANDREW GLASSELL,<br><br>    Plaintiffs,<br><br>    v.<br><br>NIC Insurance Company; NAVIGATORS INSURANCE COMPANY, a New York corporation,<br><br>    Defendants. | CASE NO. SACV08-00208 AHS (ANx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 8, 2008<br>Time: 10:00 a.m.<br>Dept: 10A<br><br>Complaint Filed: February 26, 2008<br><br>*Assigned to District Judge:*<br>    Hon. Alicemarie H. Stotler<br>*and to Discovery Magistrate Judge:*<br>    Hon. Arthur Nakazato |

    After consideration of the papers in support of and in opposition to Defendants' motion for summary judgment and the oral argument of counsel, the Court determines that the following uncontroverted facts and conclusions of law have been established:

1

**STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT          CASE NO. SACV08-00208 AHS (ANx)**

# I. UNCONTROVERTED FACTS

## A. The NIC Insurance Policies

1. NIC Insurance Company issued Commercial General Liability insurance policy GS204040 (July 1, 2002 – July 1, 2003) to Glassell Development, Inc. The Policy contains Independent Contractors Endorsement ANF-130, which provides:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

INDEPENDENT CONTRACTORS

The insured hereby represents and warrants that:

1. Commercial general liability insurance coverage for "bodily injury" and "property damage" will be required for all contractors and sub-contractors performing work or operations on behalf of any insured; and the insured shall obtain certificates of insurance from all contractors and sub-contractors performing work or operations on behalf of any insured, and that

2. The insured will be named as an "additional insured" on the required coverages described in Item 1. above and that

3. The minimum limits and coverages thus required of all contractors and sub-contractors performing work or operations on behalf of any insured shall be:

| REQUIRED LIMIT | COMMERCIAL GENERAL LIABILITY FORM |
|---|---|
| $1,000,000 | General Aggregate |
| $1,000,000 | Products/Completed Operations Aggregate |
| $1,000,000 | Each Occurrence; |

4. Any coverage that might otherwise exist under this policy for claims against any insured based on work done for or on behalf of any insured by a contractor or subcontractor is expressly excess over, and will not contribute with, the insurance required under this endorsement.  No duty to defend or indemnify any insured under this policy for any claims that are or should be covered under the policies required of contractors and subcontractors under this endorsement will exist absent exhaustion of all such contractors' and subcontractors' policies.

The insured understands that this insurance policy has been issued upon these representations and warranties.

[Vaughn Decl. at ¶ 5, Exh. 9.]

2. NIC Insurance Company issued Commercial General Liability insurance policy GS307384 (July 1, 2003 – July 1, 2004) to Glassell Development, Inc. The

2

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT            CASE NO. SACV08-00208 AHS (ANx)

1  Policy contains Independent Contractors Endorsement ANF-130, quoted above.
2      [Vaughn Decl. at ¶ 6, Exh. 10.]
3      3.    NIC Insurance Company issued Commercial General Liability insurance
4  policy GS410787 (July 1, 2004 – July 1, 2005) to Glassell Development, Inc. The
5  Policy contains Independent Contractors Endorsement ANF-130, quoted above.
6      [Vaughn Decl. at ¶ 7, Exh. 11.]

**B.  The Soltani Property**

    4.    Glassell entered into a prime contract with the Lins to design and build a home in Palos Verdes Estates.

    [Inbody Decl. at ¶ 3, Exh. 12.]

    5.    Glassell entered into subcontracts with various subcontractors. The subcontractors on that job included StudioCast Designs, Action Roofing, Battaglia, Inc., Lucien Plumbing and Madden Construction.

    [Monson Decl., ¶ 7, Exh. 3.]

    6.    The home was allegedly completed in either 2000 or 2002.

    [Req. for Judicial Notice, ¶ 3, Exh. 7 at 3:12; ¶ 1, Exh. 5 at 5:13.]

    7.    Ebrahim and Ahdieh Soltani purchased the Lin residence in April 2006. About one month later, they noticed a small stain on the deck. Upon further investigation, they found "extensive structural damage due to the leaks on the deck," as well as "mold taking hold in this portion of the structure." They found additional leaks at a tub, French doors, the roof, decks, and improper installation of flashing and drainage systems.

    [Req. for Jud. Notice, ¶ 1, Exh. 5.]

**C.  The Soltani Litigation**

    8.    On November 13, 2006, the Soltanis filed suit against Glassell and StudioCast. They alleged five causes of action for breach of the implied warranty of fitness, breach of the implied warranty of quality, strict liability in tort, negligent

3

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT    CASE NO. SACV08-00208 AHS (ANx)

construction and nuisance. *Soltani v. Andrew Glassell, et al.*, Los Angeles Superior Court No. YC054181 ("*Soltani* Action").

[Req. for Jud. Notice, ¶ 1, Exh. 5.]

9.  That action is ongoing, and now includes at least fourteen different parties, including the subcontractors identified by Mr. Glassell.

[Req. for Jud. Notice, ¶ 2, Exh. 6.]

**D.  This Coverage Action**

10.  Glassell tendered defense of the *Soltani* Action to NIC on May 10, 2007.

[Monson Decl., ¶ 4, Exh. 1.]

11.  NIC responded on May 31, specifically requesting information regarding Glassell's additional insured status under its subcontractors' insurance policies:

> As we discussed, you will fax a list of subcontractors along with the two additional insured endorsements you have located to date. You are still gathering documents related to construction at this site. Navigators may further its request for information once our initial review is complete, including requesting the general contract and significant subcontracts, ***along with documentation evidencing the insured's securing of status as an additional insured on the policies issued to the trades***.

[Monson Decl., ¶ 5, Exh. 2.]

12.  On November 6, 2007, Glassell's coverage counsel sent a new tender letter attaching a declaration in which Mr. Glassell identified five subcontractors at the Soltani property: StudioCast Designs, Action Roofing, Battaglia, Inc., Lucien Plumbing, and Madden Construction. Counsel's letter did not identify a single endorsement to any one of those five subcontractors' policies naming Glassell as an additional insured. It attached a Declaration from Mr. Glassell stating "GLASSELL DEVELOPMENT, INC. did not perform any part of the construction work of the family residence referenced above. GLASSELL DEVELOPMENT, INC. entered into subcontracts with various subcontractors. The subcontractors performed the construction work to construct the family residence at 1509 Lower Paseo La Cresta, Palos Verdes Estates, California."

[Monson Decl., ¶ 7, Exh. 3.]

13. On November 19, 2007, NIC responded, reiterating the need for Glassell to demonstrate that it had been named as an additional insured on its subcontractors' policies.

[Monson Decl., ¶ 8, Exh. 4.]

14. Glassell's Complaint alleges causes of action for declaratory relief, breach of contract, reimbursement, and breach of the covenant of good faith and fair dealing. The Complaint makes no allegations that Glassell was discharged from complying with the policies' requirement that it obtain additional insurance from its subcontractors.

[Req. for Jud. Notice, ¶ 3, Exh. 7.]

15. NIC's Answer alleges sixteen affirmative defenses, two of which are relevant to this motion. The fourth affirmative defense (no coverage) and fifth affirmative defense (Independent Contractor's Endorsement) provide complete defenses to Plaintiffs' Complaint as a matter of law.

[Req. for Jud. Notice, ¶ 4, Exh. 8.]

## II.   CONCLUSIONS OF LAW

1. The Court has jurisdiction of this matter, pursuant to 28 U.S.C. § 1332.

2. Glassell breached its obligations to NIC as stated on the Independent Contractors Endorsement by:

    a. failing to obtain certificates showing that its subcontractors had obtained insurance for the Soltani property; and

    b. failing to obtain additional insured endorsements in its favor on its subcontractors' insurance policies.

3. Glassell's failure to meet the requirements of the Independent Contractors Endorsement is a failure of a condition precedent which excuses NIC's performance under its insurance contracts.

4. NIC is entitled to judgment as a matter of law on the first cause of action for declaratory relief and second cause of action for breach of contract.

5. Because there is no coverage under the NIC policies issued to Glassell, it is entitled to judgment on the third cause of action for reimbursement and the fourth cause of action for breach of the implied covenant of good faith and fair dealing.

Judgment shall be entered in Atlantic Mutual Insurance Company's favor consistent herewith.

Dated: August 18, 2008              SELVIN WRAITH HALMAN LLP

                                    By:      /s/ Mark E. Inbody
                                          Gary R. Selvin
                                          Mark E. Inbody
                                          Attorneys for Defendants
                                          NIC Insurance Company and Navigators
                                          Insurance Company

55090.doc